IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICK SPAGNOLO, | : | No. 08-CV-1093 |
| Plaintiff, | : | |
| | : | Judge John E. Jones III |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| CITY and COUNTY OF HONOLULU, | : | |
| Defendants. | : | |

## MEMORANDUM

## May 28, 2009

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Rec. Doc. 6) which recommends the dismissal of the above-captioned action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). No objections to the R&R have been filed by either party.[1] For the reasons set forth below, the Court will adopt the R&R.

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the

---

[1] Objections were due by February 9, 2009. To this date, none have been filed.

1

Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. BACKGROUND

Plaintiff Nick Spagnolo ("Plaintiff" or "Spagnolo") initiated the instant action by filing a Complaint on June 9, 2008. Through a well-reasoned R&R dated January 21, 2009, Magistrate Judge Smyser recommended that we dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As we have already mentioned, neither Defendants nor the Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather,

we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order will enter.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NICK SPAGNOLO,                        :   CIVIL NO: 4:08-CV-01093
                                      :
            Plaintiff                 :
                                      :   (Judge Jones)
      v.                              :
                                      :   (Magistrate Judge Smyser)
CITY AND COUNTY OF HONOLULU,          :
                                      :
            Defendants                :

**REPORT AND RECOMMENDATION**

On June 9, 2008, the plaintiff, proceeding *pro se*, commenced this action by filing a complaint. On June 9, 2008, the plaintiff also filed an application to proceed *in forma pauperis*.

On January 9, 2009, the case was referred to the undersigned magistrate judge for pretrial management. By a separate order we have granted the plaintiff's application to proceed *in forma pauperis*. We now recommend that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

28 U.S.C. § 1915(e)(2) provides:

(2) Notwithstanding any filing fee, or any
portion thereof, that may have been paid, the

>      court shall dismiss the case at any time if
>      the court determines that -
>      (A) the allegation of poverty is untrue; or
>      (B) the action or appeal -
>           (i) is frivolous or malicious;
>           (ii) fails to state a claim on which
>           relief may be granted; or
>           (iii) seeks monetary relief against a
>           defendant who is immune from such relief.

The defendants named in the complaint are the City and the County of Honolulu.

The plaintiff alleges that he was denied unemployment compensation three times, that he was denied his civil rights in Hawaiian court, that his car was stolen by the state, that he was not paid by his employer, that Continental Airlines defaulted, that appeal information was eliminated from his case, that he was issued illegal parking tickets, that his civil rights were violated in California, that Progressive Insurance Co. refused to pay damages for an accident, and that the Honolulu police cut locks on his bicycle and impounded his bicycle.

A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*. *Monell v. Department of Social Servs.*, 436

2

U.S. 658, 691 (1978). To state a claim against a municipality the plaintiff must allege that the violation of his rights was caused either by a policy or custom of the municipality. *Id.* at 694; *Berg v. County of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000).

Since the plaintiff has failed to allege that a violation of his constitutional rights occurred as the result of a policy or custom of the defendants the complaint fails to state a claim upon which relief may be granted.[1]

It appears that allowing the plaintiff to amend his complaint would be futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002)(holding that the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile). Accordingly, we will recommend that the case be dismissed.

---

1. We also note that venue over claims that occurred in Hawaii is not proper in this court and that it appears that this court does not have personal jurisdiction over the defendants.

3

Based on the foregoing, it is recommended that the cased be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: January 21, 2009.